# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMHOTEP JORDAN, Jr., aka JOHN JORDAN, CDCR #C-71742, <br><br> Plaintiff, <br><br> vs. <br><br> BARRY TED MOSKOWITZ, <br><br> Defendant. | Civil No. 11-CV-1725 JLS (WMc) <br><br> **ORDER:** <br><br> **(1) DISMISSING CIVIL ACTION FOR FAILING TO PAY FILING FEES AND FOR FAILING TO MOVE *IN FORMA PAUPERIS*** <br><br> **AND** <br><br> **(2) AS FRIVOLOUS AND MALICIOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

Plaintiff, currently incarcerated at Calipatria State Prison, in Calipatria, California, and proceeding pro se, has filed a civil action entitled "Notice and Demand for Exhibition Presentment Evidence without Dishonor" [ECF No. 1], in which he seeks to sue an Article III Judge for various violations of federal and state criminal statutes, rules of civil procedure, government codes, and "maxims of commercial law," "maxims regarding justice," "maxims regarding truth" and "maxim regarding sovereignty."[1]

---

[1] Plaintiff's Complaint is identical to six others, all filed on the same day, purporting to sue other Article III Judges and a deputy clerk of this Court and all asserting the same frivolous and malicious claims. *See also Jordan v. Lloyd*, S.D. Cal. Civil Case No. 11-1724 JLS (BLM); *Jordan v. Sabraw*, S.D. Cal. Civil Case No. 11-1726 JAH (JMA); *Jordan v. Gonzalez*, S.D. Cal. Civil Case No. 11-1727 JLS (CAB); *Jordan v. Battaglia*, S.D. Cal. Civil Case No. 11-1728 LAB (BLM); *Jordan v. Benitez*, S.D. Cal. Civil Case No. 11-1729 MMA (POR); and *Jordan v. Anello*, S.D. Cal. Civil Case No. 11-1730 DMS

**I.  FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

Any party instituting a civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, Plaintiff has not prepaid the $350 filing fee required to commence a civil action; nor has he submitted a Motion to Proceed IFP.  Therefore, the case must be dismissed pursuant to 28 U.S.C. § 1914(a).

**II.  INITIAL SCREENING PER 28 U.S.C. § 1915A(b)**

Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the Court is obligated to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP.  *See* 28 U.S.C. § 1915A(a), (c).  The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

While Plaintiff's action is practically indecipherable, he apparently seeks to sue a United States District Judge demanding that he "cease and desist" his violations of Plaintiff's "human rights" as a "free born living breathing flesh and blood sentient being" by failing to enter a default judgment in his favor in some previously filed but unspecified proceeding.  (Compl. at

---

(POR).  A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).  Plaintiff has not paid the $350 civil filing fee in any of these, or any prior civil case he has filed in the Southern District, and had thus far managed to avoid 28 U.S.C. § 1915(g)'s "3-strikes" bar by submitting his complaints unaccompanied by motions to proceed *in forma pauperis*.  *See e.g., Jordan v. Cardenas*, S.D. Cal. Civil Case No. 11-1152 DMS (NLS); *Jordan v. Andersen*, S.D. Cal. Civil Case No. 11-1153 IEG (JMA); *Jordan v. Borem*, S.D. Cal. Civil Case No. 11-1154 BEN (NLS); *Jordan v. Drake*, S.D. Cal. Civil Case No. 11-1155 AJB (MDD); and *Jordan v. Coronado*, 11-1156 BTM (MDD).

1  8, 9.) Plaintiff further seeks to levy fines against the Judge, prosecute him for "felonies and
2  misdemeanors" and suggests he can "settle [his] debt" by paying him $25,000 per month for four
3  months. (*Id.* at 11.)

4      A complaint is frivolous "where it lacks an arguable basis either in law or in fact."
5  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, there is no question that Plaintiff's suit
6  lacks any arguable basis in law, and is therefore frivolous under § 1915A(b)(1). And, to the
7  extent Plaintiff alleges any facts at all, they appear "fanciful," "fantastic," and "delusional" and
8  are clearly baseless. *Id.* at 328. In fact, Plaintiff's pleading, when considered in light of his
9  pattern of frivolous submissions in this district, may further be classified as "malicious" insofar
10 as it appears to lack good faith and "suggest[s] an intent to vex the defendants or abuse the
11 judicial process." *See Crisafi v. Holland,* 655 F.2d 1305, 1309 (D.C. Cir. 1981) (a complaint
12 may be inferred to be "malicious" if it suggests an intent to abuse the judicial process by re-
13 litigating claims decided in prior cases; or if it threatens violence or contains "disrespectful
14 references to the Court"); *accord Aston v. Probst*, 217 F.3d 844, 844 (9th Cir. 2000) (table
15 disposition).

16      For these reasons, the Court dismisses the entirety of Plaintiff's Complaint as frivolous
17 and malicious pursuant to 28 U.S.C. § 1915A(b)(1).

18 **III. CONCLUSION AND ORDER**

19      For the reasons set forth above, the Court hereby:

20      (1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350
21 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

22      **IT IS FURTHER ORDERED** that:

23      (2) Plaintiff's Complaint is **DISMISSED** as frivolous and malicious pursuant to 28
24 U.S.C. § 1915A(b)(1). Moreover, because the Court finds amendment futile, leave to amend is
25 **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a
26 leave to amend is not an abuse of discretion where further amendment would be futile); *see also*
27 *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since
28 plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should

1 | be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v.*
2 | *Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

3 |     (3)    Finally, this Court **CERTIFIES** that any IFP appeal from this Order would not be
4 | taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369
5 | U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant
6 | is permitted to proceed IFP on appeal only if appeal would not be frivolous).

7 |     (4)    The Clerk of Court shall close the file.
8 | **IT IS SO ORDERED.**

10 | DATED: September 22, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge